**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Janette Maysonet, individually, and on behalf of all others similarly situated | ) | Case No. 1:25-cv-12191 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Plaintiff Demands A Trial By Jury |
| | ) | |
| City of Chicago, a municipal corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**Class Action Complaint**

Plaintiff, Janette Maysonet, by and through her attorneys, Daniel I. Schlade and James M. Dore, submit the following Class Action Complaint and state:

**Introduction**

1.     Plaintiff Janette Maysonet ("Plaintiff" or "Maysonet") brings this class action lawsuit against the City of Chicago ("Chicago" or "Defendant") for its unlawful practice of issuing automated speed enforcement ("ASE") tickets to drivers in School Safety Zones ("SSZ") located by Chicago High Schools and other SSZs.  More specifically, SSZs mandate a reduction in the speed limit from 30 miles per hour ("MPH") to 20 MPH when "children" are present.  However, Chicago's high schools are not attended by "children".  Rather, Chicago's high schools are attended by adults eighteen or over and teenagers between the ages of fourteen and seventeen, who are not legally "children" under Illinois law.  Accordingly, Chicago has been wrongfully issuing ASE tickets and fining drivers, including Plaintiff and the Proposed Classes, when they were driving in SSZ's near high schools when no children were present.  Additionally, Chicago has posted inappropriate signage in all SSZs located within the city.

1

2.      Plaintiff brings this lawsuit on behalf of herself individually, as well as the below described classes; and they are seeking: a declaratory judgment that Chicago's practice of issuing tickets and fines in ASE SSZs by high schools is unlawful; an injunction to enjoin Chicago from issuing ASE tickets in SSZ's located by high schools; and injunction to compel compliance with the statutory sign requirements in all SSZs; and recoupment of all fines and penalties that have been unlawfully collected by Chicago.

## Parties

3.      Plaintiff Maysonet is a resident of Chicago, Cook County, Illinois.

4.      Chicago is a municipal corporation that was incorporated in Illinois.

## Venue and Jurisdiction

5.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d) because this case is brought as a class action where the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, there are more than 10,000 members in the proposed class, and at least one member of the class is a citizen of a state different from Defendant Chicago. Chicago has issued multiple ASE tickets to cars and car owners registered outside of Illinois, and whose owners reside outside of Illinois.

6.      This Court has personal jurisdiction over Defendant because it is a municipal corporation incorporated in Illinois, and thus it is a citizen of Illinois for subject matter jurisdiction purposes.

7.      Venue is proper in the Northern District of Illinois under 28 U.S.C § 1391(b) because Defendant Chicago resides in the Northern District of Illinois; and because of all complained of events giving rise to the subject claims occurred in Chicago, Cook County, Illinois.

## Factual Allegations

**A.     School Safety Zones in the City Of Chicago.**

8.     The Illinois Vehicle Code ("IVC"), 625 ILCS 5/11-208.8, authorizes municipalities with a population of at least 1,000,000 to adopt their own municipal ordinances to regulate the operation of an ASE system.

9.     Chicago has a population in excess of 1,000,000; it adopted its own ASE system and accompanying ordinances, whose pertinent provisions can be found at the Chicago Municipal Code ("CMC") §§ 9-12-075, 9-100-010, *et. seq.,* and 9-101-010, *et. seq.*

10.     CMC § 9-12-075 defines a SSZ as following:

> (a)   For the purpose of this section, "school" means any of the following entities:
>
> > (1)   A public or private primary or secondary school.
> >
> > (2)   A primary or secondary school operated by a religious institution.
> >
> > (3)   A public, private or religious nursery school.
>
> On a school day when school children are present and so close thereto that a potential hazard exists because of the close proximity of the motorized traffic, no person shall drive a motor vehicle at a speed in excess of 20 miles per hour while passing a school zone or while traveling upon any public thoroughfare where children pass going to and from school. For the purposes of this section a school day shall begin at 7:00 a.m. and shall conclude at 4:00 p.m.

11.     Chicago issues ASE tickets to drivers in SSZs when an ASE camera and system capture the driver travelling 26 MPH or faster in a SSZ and "children" are visible in the photos and video captured by the ASE.

12.     The ASE cameras and systems are incapable of identifying the specific identity of individuals captured on camera or video.

13.     The ASE cameras and systems are incapable of identifying the specific age of individuals captured on camera or video.

14.     If the ASE system captures a driver travelling 26 to 30 MPH in a SSZ when a purported "child[]" is present in photos or videos, Chicago issues a ticket to the owner or lessee of the vehicle in the amount of $35.00. *See* CMC § 9-100-020(d)(1).

15.     If the ASE system captures a driver travelling 31 MPH or faster in a SSZ when a purported "child[]" is present in photos or videos, Chicago issues a ticket with an enhanced penalty to the owner or lessee of the vehicle in the amount of $100.00. *See* CMC § 9-100-020(d)(1).

16.     CMC § 9-12-075 does not contain a statutory definition for the words "children" or "child" nor does the IVC have a definition of "child" or "children".

17.     The CMC does not define "child" or "children" anywhere in § 9-100-010, *et. seq.*

18.     The CMC does not define "child" or "children" anywhere in § 9-101-010, *et. seq.*

19.     The ASE ordinance requires Chicago to post signs in SSZs, and the ordinance states:

> This section shall not be applicable unless appropriate signs are posted, giving due warning that a school zone is being approached and shall indicate the school zone and the maximum speed limit in effect during school days **when school children are present**. Signs shall be in a form similar to signs posted for similar purposes pursuant to the Illinois Vehicle Code. School zones created prior to the effective date of this section and in compliance with the Illinois Vehicle Code shall be considered school zones for purposes of this section.

*See* CMC § 9-15-075(a) (emphasis added).

20.     Chicago posts signs in SSZs with ASE systems that contain the following appearance and language:



**B.     The Definition Of "Child" or "Children" Under Illinois and Common Law.**

21.     Under the common law, a "child" or "children" are those individuals that are thirteen years old or younger.

22.     The State of Illinois has traditionally demarcated between "children" thirteen years and younger, and persons fourteen years old or older.

23.     In Illinois, an individual who is between the age of eighteen and twenty-one is an adult and not a "child" or "children".

**C.     Chicago's High School Population**

24.     In Chicago, students up to the age of twenty-one are eligible to attend Chicago Public High Schools.

25.     In Chicago, the typical age of incoming freshmen at Chicago High Schools is fourteen years old.

26.     The overwhelming majority of students attending Chicago High Schools are fourteen years old or older.

27.     A certain percentage of students attending Chicago High Schools are eighteen years old or older.

**D.    Chicago's Unlawful Practice of Issuing ASE Tickets in SSZs When "Children" Are Not Present.**

28.     The speed limit in SSZs is 30 MPH unless "children" are "present", in which case the speed limit is reduced to 20 MPH.

29.     For school children to be "present" to trigger the reduced 20 MPH speed limit, the persons present must in fact be children and not legal adults eighteen years old or older.

30.     For school children to be "present" to trigger the reduced 20 MPH speed limit, the persons must in fact be children and not teenagers between the ages of fourteen and seventeen.

31.     For school children to be "present" to trigger the reduced 20 MPH speed limit, the persons must be "so close [to traffic] thereto that a potential hazard exists because of the close proximity of the motorized traffic[.]"  *See* CMC § 9-12-075(a).

32.     The mere presence of "children" on a school campus and/or in school buildings is insufficient to trigger the reduced 20 MPH speed limit; the "children" must be in close proximity to the motorized traffic.  Thus, the ASE system in SSZs must capture photographic or video evidence of children in close proximity to the motorized traffic in order to trigger the reduced 20 MPH speed limit and issue a ticket to a driver that is in violation of that speed limit.

33.     Despite the fact that the 20 MPH speed limit is only triggered in high school SSZs if "children" are present, Chicago has issued hundreds of thousands of ASE tickets to drivers in SSZs located by high schools, when the only individuals captured on camera or video are adults age 18 or over, or teenagers between the ages of fourteen and seventeen.

34.     Chicago has wrongfully and unlawfully deemed that all students of high schools in ASE zones are "children".

35.     Chicago has wrongfully and unlawfully deemed that high school students between the ages of eighteen and twenty-one are "children".

36.     Chicago has wrongfully and unlawfully deemed that high school students between the ages of fourteen and seventeen are "children".

37.     Chicago has unlawfully, wrongly, and unjustly collected tens of millions of dollars in fines from drivers in Chicago by issuing ASE tickets to drivers in high school SSZs when in fact there were no "children" present on the video or photos captured by the ASE system.   Chicago accomplished this by unlawfully categorizing high school students as "children" when they were not "children" under Illinois law.

**E.      Chicago Has Issued ASE Tickets in Violation Of Its ASE Ordinance Because It Failed to Post Appropriate Signs By High Schools in SSZs.**

38.     The IVC, ASE and SSZ ordinance requires Chicago to post "appropriate signs" in SSZs advising drivers of the reduced speed limit and applicable times of the reduced speed limit.  *See* CMC § 9-12-075(a) and 625 ILCS 5/11-605(a).

39.     The IVC, ASE and SSZ state that the 20 MPH reduced speed limit "shall not be applicable unless appropriate signs are posted[.]"  *Id.*

40.     The signs posted by Chicago in high school SSZs are inappropriate for the following reasons:

- The signs advise drivers that they can legally drive up to 30 MPH unless "children are present"; however, Chicago has wrongfully interpreted "children" to mean students up to the age of twenty-one, even though such definition defies both common law and legal definitions of "children", as well as common sense;

- The signs state that the speed limit is reduced when "children" are present, when the ordinance allows such a reduction only when "school children" are present; this

7

conflict makes the signs posted by Chicago inappropriate; and the City's SSZs reduced speed limits are inapplicable where inappropriate signs are posted.

**F.     Plaintiff Maysonet Was Wrongfully Issued ASE Ticket Number 6056791327 In A School Safety Zones Located By A High School When No Children Were Present.**

41.     On December 4, 2023, Maysonet was driving on the 2300 block of West Division Street at approximately 9:30 am.

42.     The 2300 hundred block of Division Street is a SSZ located by the Roberto Clemente Community Academy High School.

43.     Chicago's ASE system captured Maysonet travelling between 26 and 30 MPH on December 4, 2023 at 9:31 am.

44.     As a result, Chicago issued a ticket to Maysonet in the amount of $35.00 because she was driving 26 to 30 MPH, Ticket Number 6056791327 (the "1327 Ticket"). *See* 9-100-020. A copy of the 1327 Ticket is attached as Exhibit A.

45.     The ASE captured photos and video of Maysonet's vehicle in the SSZ. The video captured the backs of two individuals on the sidewalk.

46.     The photos and video captured by the ASE do not identify the individuals in the video, nor does it provide their age.

47.     As a result, the individuals in the video cannot be identified as children as a matter of law under the ASE and SSZ ordinances.

48.     Because the individuals in the ASE video cannot be identified as "children" as a matter of law as that term is used in the ASE or SSZ ordinances, Plaintiff was permitted to travel up to 30 MPH in this SSZ.

49.     Chicago wrongfully and unlawfully issued the 1327 Ticket to Plaintiff Maysonet since she was driving below the 30 MPH speed limit and no "children" were present on camera.  Plaintiff paid the $35.00 fine for the 1327 Ticket.

**G.     Plaintiff Maysonet Was Wrongfully Issued ASE Ticket Number 6052380720 In A School Safety Zones Located By A High School When No Children Were Present.**

50.     On March 21, 2022, Maysonet was driving on the 2300 block of West Division Street at approximately 11:25 am.

51.     The 2300 hundred block of Division Street is a SSZ located by the Roberto Clemente Community Academy High School.

52.     Chicago's ASE system captured Maysonet travelling between 26 and 30 MPH on March 21, 2022 at 11:26 am.

53.     As a result, Chicago issued a ticket to Maysonet in the amount of $35.00 because she was driving 26 to 30 MPH, Ticket Number 6052380720 (the "0720 Ticket").  *See* 9-100-020.  A copy of the 0720 Ticket is attached as Exhibit B.

54.     The ASE captured photos and video of Maysonet's vehicle in the SSZ.  The video captured the one individual on the sidewalk.

55.     The photos and video captured by the ASE do not identify the individual in the video, nor does it provide their age.

56.     As a result, the individual in the video cannot be identified as a "child" as a matter of law under the ASE and SSZ ordinances.

57.     Because the individual in the ASE video cannot be identified as a "child" as a matter of law as that term is used in the ASE or SSZ ordinances, Plaintiff was permitted to travel up to 30 MPH in this SSZ.

58. Chicago wrongfully and unlawfully issued this ASE ticket to Plaintiff Maysonet since Maysonet was driving below the 30 MPH speed limit and no "children" were present on camera. Plaintiff paid the $35.00 fine for the 0720 Ticket.

**H.      Plaintiff And the Proposed Classes Are Exempt from Exhausting Their Administrative Remedies.**

59. Plaintiff is attacking the ASE and SSZ ordinances on the following grounds, all of which are exempt from the exhaustion of administrative remedies doctrine.

60. First, Plaintiff's and the Proposed Classes' attacks on the ASE and SSZ ordinances do not present any issues of fact or agency expertise with respect to the ordinances. Rather, the attacks are based on the legal definition of the words "child" and "children"; how Chicago has legally interpreted those statutory words in implementing ASE devices and ticketing in SSZs located by Chicago High Schools; and whether Chicago posted appropriate signage under CMC 9-12-075 to make such ordinance applicable.

61. Plaintiff's and the Proposed Classes' attacks on the ASE and SSZ ordinances do not fall within any of the statutory grounds to contest such ASE tickets. The CMC provides the following grounds to contest such tickets:

> (a) A person charged with a parking, standing or compliance violation may contest the charge through an administrative adjudication limited to one or more of the following grounds with appropriate evidence to support:
>> (1) that the respondent was not the owner or lessee of the cited vehicle at the time of the violation;
>> (2) that the cited vehicle or its state registration plates were stolen at the time the violation occurred;
>> (3) that the relevant signs prohibiting or restricting parking or standing were missing or obscured;
>> (4) that the relevant parking meter was inoperable or malfunctioned through no fault of the respondent;
>> (5) that the facts alleged in the violation notice are inconsistent or do not support a finding that the specified regulation was violated;

> (6)  that the illegal condition described in the compliance violation notice did not exist at the time the notice was issued;
>
> (7)  that the compliance violation has been corrected prior to adjudication of the charge[.]

*See* CMC § 9-100-060.

62.     Whether or not a Chicago high school student is a "child" does not fall within any of the grounds to contest set forth in CMC § 9-100-060.  The legal definition of "child" or "children" as used in the ASE and SSZ ordinances is a question of law; thus, Plaintiff and the Proposed Classes are unable to assert such a contest in any administrative proceeding in defense of an ASE ticket under CMC § 9-100-060 because it is not an identified and available defense.

Further, whether or not the City's posted signs referring to "children" as opposed to "school children" are appropriate under CMC 9-12-075 is a question of law, as the determination involves the interpretation of the CMC and all facts are undisputed.  Thus, Plaintiff and the Proposed Classes are unable to assert such a contest in any administrative proceeding in defense of an ASE ticket under CMC § 9-100-060 because it is not an identified and available defense.

63.     Prior to the issuance of the 1327 Ticket and 0720 Ticket, the City issued Plaintiff Maysonet an automated red light ticket.  She attended an administrative law hearing where she attempted to contest the conditions caught on camera; and she also attended the hearing of another individual who received an automated ticket, where she served as a Spanish translator.  At the hearing, the administrative law judge advised her that she could not contest any violation occurrences captured on video.  As a result, she paid the 1327 Ticket and 0720 Ticket under duress and because Chicago previously advised her that she did not possess any defense to said tickets so long as ASE cameras captured her purportedly speeding in a SSZ.  Thus, it would be patently futile for Plaintiff and the Proposed Classes to seek administrative relief since Chicago has already determined as a matter

of law that: (a) high schoolers aged fourteen and above are "children"; (b) there only need be individuals captured by ASE cameras in order to trigger liability; (c) a driver cannot present a defense as to the age of the individuals captured by the ASE cameras; and (d) the ASE cameras and systems do not capture the age or identity of any children or individuals caught on camera making it impossible to determine the actual age of any individuals cause on camera by the ASE system.

**I.     Class Allegations.**

64.     Plaintiff brings this action on behalf of themselves and similarly situated individuals pursuant to Federal Rule of Civil Procedure 23.  Plaintiff seeks to represent the following Classes defined as follows:

> *The High School SSZ Class - 26 to 30 MPH:*
>
> > All individuals who, during the applicable statute of limitations, received and/or paid an ASE ticket for a violation of CMC §§ 9-101-020 and 9-12-075 for a vehicle owned or leased by them that was travelling between 26 to 30 MPH in a SSZ located by a high school or secondary school.
>
> *The High School SSZ Class - 30+ MPH:*
>
> > All individuals who, during the applicable statute of limitations, received and/or paid an ASE ticket for a violation of CMC §§ 9-101-020 and 9-12-075 for a vehicle owned or leased by them that was travelling 30+ MPH in a SSZ located by a high school or secondary school.
>
> *The Inappropriate Sign Class:*
>
> > All individuals who, during the applicable statute of limitations, received and/or paid an ASE ticket for a violation of CMC §§ 9-101-020 and 9-12-075 for a vehicle owned or leased by them that was travelling in a SSZ where Chicago fail to post signage that complied with CMC § 9-12-075.

Excluded from the Class are any members of the judiciary assigned to preside over this matter; any attorneys for the Plaintiff(s); any officer or director of Defendant; and any immediate family member of such officers or directors.

65.     <u>Numerosity</u>, Fed. R. Civ. P. 23(a)(1).  There are in excess of 10,000 members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Chicago's records.  Chicago is able to search tickets based on the location of the ASE equipment; and Chicago maintains a record of all locations for ASE devices, including devices located in SSZs by high schools.  In addition, Chicago maintains records of each ticket issues under the ASE and SSZ ordinances, as well as the recipient of the ticket, and: their address registered to the subject vehicle; the Chicago location where the ASE ticket was issued; the speed the vehicle was travelling when the ASE ticket was issued; the ordinance violated by the driver; and the amount of the fine.

66.     <u>Typicality</u>, Fed. R. Civ. P. 23(a)(3).  Plaintiff's claims are typical of the claims of the members of the Classes she seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class.  As alleged herein, Plaintiff and the Class have all suffered damages, including ticket fines, as a result of Chicago issuing ASE tickets in violation of the ASE and SSZ ordinances.

67.     <u>Commonality</u>, Fed. R. Civ. P. 23(a)(2) and (b)(3).  There are many questions of law common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

a.  What is the legal definition of "child" and "children" under the ASE and SSZ ordinances?:

b.  Did Chicago violate the ASE and SSZ ordinances by issuing ASE tickets to drivers in violation of said ordinances?;

c.  Does the speed limit signage employed by Chicago in SSZs comply with the statutory requirements of CMC 9-12-075?

d.  Whether Plaintiff and the classes are entitled to a declaratory judgment that Chicago's practice of issuing ASE tickets in SSZs by high schools violates the ASE and SSZ ordinances;

e.  Whether Plaintiff and the classes are entitled to a declaratory judgment that Chicago's speed limit signage in SSZs violates CMC § 9-12-075;

f.  Whether Plaintiff and the classes are entitled to an injunction enjoining Chicago from issuing ASE tickets in SSZs located by high schools;

g.  Whether Plaintiff and the classes are entitled to an injunction enjoining Chicago from issuing ASE tickets in SSZs that do not have proper signage required by CMC § 9-12-075;

h.  Whether Chicago's practice of issuing ASE tickets in SSZs resulted in Chicago unjustly retaining a benefit to the detriment of Plaintiff and the classes; and

i.  Whether Chicago's retention of fines collected from these ASE tickets violates the fundamental principles of justice, equity and good conscience.

j.  Whether Chicago's use of "children" in its posted signage is appropriate where the ordinance refers to "school children".

68.    <u>Superiority and Manageability/Policies Applicable To The Class</u>, Fed. R. Civ. P. 23(b)(3). Class litigation is an appropriate method for the fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein.  Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive since most of them suffered fine(s) of $35 or $100; and thus, they would not have an effective remedy relative to the cost of litigating their individual claims.   Additionally, the class treatment of common questions of law is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

69.    <u>Adequacy</u>, Fed. R. Civ. P. 23(a)(4).  Plaintiff will fairly and adequately represent and protect the interests of the other members of the Classes she seeks to represent.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.   Plaintiff

14

and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes and they possess the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to those of the other members of the Class.

70.     <u>Policies Generally Applicable to the Class</u>. Fed. R. Civ. P. 23(b)(2). Defendant Chicago has acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's ordinances challenged herein apply to and affect Class Members uniformly and Plaintiff challenge of these policies hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

## J. Declaratory Judgment Relief is Appropriate.

71.     28 U.S. Code § 2201 "Creation of remedy", et seq, provides for entry of declaratory relief in such circumstances, and it provides in relevant part:

> (a) In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(9) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

**Count I - Declaratory And Injunctive Relief On**
**Behalf Of The High School SSZ Class-26 to 30 MPH:**
**(Based On Violations of 625 ILCS 5/11-605,**
**CMC §§ 9-12-075, 9-100-020(d), and 9-101-020)**

72.     Plaintiff adopts and incorporates by reference Paragraphs 1 through 71 as if set forth in full herein for Paragraph 72.

73.     Section 11-605 of the IVC and CMC § 9-15-075 both provide that the reduced 20 MPH speed limit in SSZs shall not be applicable unless "children" are present.

74.     Neither the IVC nor the CMC contains a statutory definition for the words "child" or "children".

75.     Chicago has issued tens of thousands of tickets to individuals driving between the speeds of 26 and 30 MPH in SSZs located by high schools when no actual "children" were present.  The issuance of these ASE tickets unlawfully violates Section 11-605 of the IVC and CMC § 9-15-075 because the reduced 20 MPH hour speed limit was not in effect at the time Chicago issued the ASE tickets since no children were present.  This included the issuance of 1327 Ticket and the 0720 Ticket to Plaintiff.

76.     The unlawful issuance of these tickets was based on Chicago's wrongful, incorrect, and unlawful legal interpretation of the words "children" or "child" as used in the IVC and CMC.  Specifically, Chicago has interpreted the words "children" and "child" to include high school students aged 14 to 21 that are not legally children.  As a result, Plaintiff and the High School SSZ Class - 26 to 30 MPH are in need of declaratory and injunctive relief to compel Chicago's compliance with the IVC and the CMC's regulations relating to ASE tickets in SSZs.

77.     Plaintiff and the High School SSZ Class - 26 to 30 MPH seek a judgment declaring Chicago's practice of issuing ASE tickets in SSZs located by High Schools for travelling 26 to 30 MPH is unlawful under the IVC and CMC; therefore, all such violations are void and unenforceable.

78.     Plaintiff has a personal claim that is capable of being affected.  As alleged above, this case presents an actual controversy that requires immediate and definitive determination of the parties' rights, particularly because: (i) Plaintiff has been issued the 1327 Ticket and 0720 Ticket: (ii) Plaintiff was unlawfully compelled by Chicago to pay a $35 fine for the 1327 Ticket, and a $35 fine for the 0720 Ticket; and (iii) Plaintiff desires to have the legal authority to lawfully travel up to 30 MPH in SSZs located by high schools when no children are present.

79.     Plaintiff possesses a clearly ascertainable right to be free from the unlawful actions of Chicago set forth above and she is currently in need of protection.  As alleged above, Plaintiff has raised a fair question concerning the existence of this right.

80.     For the reasons set forth above, Plaintiff and the High School SSZ Class - 26 to 30 MPH possess a likelihood of success on the merits since they contest and dispute of Chicago's ASE procedures in SSZs located by high school involve legal questions and interpretations of the IVC and CMC laws, and Chicago has been clearly violating the IVC and CMC by issuing ASE tickets in SSZs by high schools when no children were present or captured on video or camera.

81.     Plaintiff and the High School SSZ Class - 26 to 30 MPH will suffer irreparable harm if an injunction is not granted.  Chicago's unlawful practices include: regularly and repeatedly imposing fines in SSZs located by high schools on drivers who are travelling below the speed limit; and compelling drivers in Chicago to drive below the posted speed limit under threat of fine.  Chicago's practices are causing substantial, immediate and continuing damage to Plaintiff and the class members.  These include Chicago's unlawful collection of fines; Chicago's unlawful imposition of a speed limit below the posted speed limit; possible damage to driver's credit in the event of non-payment of an unlawful fine; and other negative consequences of debt collection efforts originating from the unlawful fines.

82.     Balancing of the hardships between Plaintiff and the High School SSZ Class - 26 to 30 MPH on the one hand, and Chicago on the other hand, weighs in favor of Plaintiff and the Class.  Current Chicago Mayor Brandon Johnson has stated that ASE tickets are a form of "regressive taxation" that harms lower income individuals; and there is no legal mandate that Chicago place ASE cameras and systems by Chicago High Schools.  At a minimum, Chicago should be enforcing the ASE ordinances according to the letter of the law, and not issuing unlawful tickets that deprive Plaintiff and Chicago drivers of money and their rights under the law.

WHEREFORE, Plaintiff, on behalf of themselves and the proposed class respectfully requests that the Court enter a Judgment or order granting:

a. the certification of the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. a declaration that Defendant's actions violate 625 ILCS 5/11-605; and CMC §§ 9-12-075, 9-100-020(d), and 9-101-020;

c. an award of injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with CMC §§ 9-12-075, 9-100-020(d), and 9-101-020 and cease issuing ASE tickets in SSZs located by Chicago High Schools;

d. an award of damages to Plaintiff and class members in an amount to be determined herein, including pre- and post-judgment interest;

e. an award of reasonable attorneys' fees, costs, and other litigation expenses; and

g.  Grant such additional or alternative relief as this Honorable Court deems just and proper.

**Count II**
**Unjust Enrichment On Behalf Of The High School SSZ Class-26 to 30 MPH:**
**(Based On Violations of 625 ILCS 5/11-605, CMC §§ 9-12-075, 9-100-020(d), and 9-101-020)**

83.    Plaintiff adopts and incorporates by reference Paragraphs 1 through 82 as if set forth in full herein for Paragraph 83.

84.    Chicago has demanded and received fines and penalties from Plaintiff and the High School SSZ Class - 26 to 30 MPH for purportedly violating CMC §§ 9-12-075, 9-100-020(d), and 9-101-020, when said drivers were traveling at a rate of speed between 26 and 30 MPH when no children were present; and thus, they were in compliance with the speed limit in the respective SSZ where they were travelling.

85.    As a direct result, Chicago has unlawfully collected fines and penalties from Plaintiff and the High School SSZ Class - 26 to 30 MPH for which it was not entitled.  Chicago knowingly appreciated and accepted this benefit, which has resulted in a windfall of millions of dollars for Chicago and continues to result in an inequity to Plaintiff and class members.

86.    Chicago has therefore unjustly received and retained a benefit that belongs to Plaintiff and the High School SSZ Class - 26 to 30 MPH, who have therefore suffered a commensurate detriment constituting money damages.

87.    Chicago's retention of these monies and this benefit violates fundamental principles of justice, equity, and good conscience.

WHEREFORE, Plaintiff, on behalf of themselves and the proposed class respectfully requests that the Court enter a Judgment or order granting:

a. the certification of the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. an award of damages to Plaintiff and class members in an amount to be determined herein, including pre- and post-judgment interest;

c. an award of reasonable attorneys' fees, costs, and other litigation expenses; and

d. Grant such additional or alternative relief as this Honorable Court deems just and proper.

**Count III**
**Declaratory And Injunctive Relief On Behalf**
**Of The High School SSZ Class-26 to 30 MPH:**
**(Based On Violations of The Illinois Constitution, Article VII, Section 6)**

88.    Plaintiff adopts and incorporates by reference Paragraphs 1 through 87 as if set forth in full herein for Paragraph 88.

89.    Chicago's constitutional power to operate the ASE system in SSZs is granted to it as a home rule unit under Article VII, Section 6 of the Illinois constitution, and Chicago's power is limited and must be in accordance with the restrictions and provisions of the IVC.

90.    The IVC provides that the reduced 20 MPH in SSZs is only applicable if children are present and there is appropriate signage advising the public of this.  *See* 625 ILCS 5/11-605(a).

91.    Plaintiff and the High School SSZ Class - 26 to 30 MPH seek a judgment declaring Chicago's practice of issuing ASE tickets in SSZs located by High Schools for travelling 26 to 30 MPH is unconstitutional under the Illinois Constitution, and therefore all such violations are void and unenforceable.

92.    Plaintiff has a personal claim that is capable of being affected.  As alleged above, this case presents an actual controversy that requires immediate and definitive determination of the parties' rights, particularly because: (i) Plaintiff has been issued the 1327 Ticket and 0720 Ticket: (ii) Plaintiff was unlawfully compelled by Chicago to pay a $35 fine for the 1327 Ticket, and a $35 fine for the 0720 Ticket; and (iii) Plaintiff desires to have the legal authority to lawfully travel up to 30 MPH in SSZs located by high schools when no children are present.

93.     Plaintiff and the High School SSZ Class - 26 to 30 MPH possess a clearly ascertainable right to be free from the unconstitutional actions of Chicago set forth above and she is currently need of protection.  As alleged above, Plaintiff has raised a fair question concerning the existence of this right.

94.     For the reasons set forth above, Plaintiff and the High School SSZ Class - 26 to 30 MPH possess a likelihood of success on the merits since their contest and dispute of Chicago's ASE procedures in SSZs located by high schools involve legal questions and interpretations of the IVC and CMC laws, and Chicago has been clearly violating the IVC and CMC by issuing ASE tickets in SSZs by high schools when no children were present or captured on video or camera; and all of said conduct is unconstitutional under the Illinois Constitution.

95.     Plaintiff and the High School SSZ Class - 26 to 30 MPH will suffer irreparable harm if an injunction is not granted.  Chicago's unconstitutional and unlawful practices include: regularly and repeatedly imposing fines in SSZs located by high schools on drivers who are travelling below the speed limit; and compelling drivers in Chicago to drive below the posted speed limit under threat of fine when no children are present.  Chicago's practices are causing substantial, immediate and continuing damage to Plaintiff and the class members.  These include Chicago's unlawful collection of fines; Chicago's unlawful imposition of a speed limit below the posted speed limit; possible damage to driver's credit in the event of non-payment of an unlawful fine; and other such negative consequences of debt collection efforts originating from the unlawful fines.

96.     The balancing of the hardships between Plaintiff and the High School SSZ Class - 26 to 30 MPH on the one hand, and Chicago on the other hand, weighs in favor of Plaintiff and the Class. Current Chicago Mayor Brandon Johnson has stated that ASE tickets are a form of "regressive taxation" that harms lower income individuals; and there is no legal mandate that Chicago place

ASE cameras and systems by Chicago High Schools. Moreover, public policy dictates that Chicago should be enforcing the ASE ordinances according to the letter of the law, and not issuing unlawful tickets that deprive Plaintiff and Chicago drivers of money and their rights under the law.

WHEREFORE, Plaintiff, on behalf of themselves and the proposed class respectfully requests that the Court enter a Judgment or order granting:

a. the certification of the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. a declaration that Defendant's actions violate 625 ILCS 5/11-605; and CMC §§ 9-12-075, 9-100-020(d), and 9-101-020 and are unconstitutional;

c. an award of injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with CMC §§ 9-12-075, 9-100-020(d), and 9-101-020 and cease issuing ASE tickets in SSZs located by Chicago High Schools;

d. an award of damages to Plaintiff and class members in an amount to be determined herein, including pre- and post-judgment interest;

e. an award of reasonable attorneys' fees, costs, and other litigation expenses; and

g. Grant such additional or alternative relief as this Honorable Court deems just and proper.

**Count IV**
**Unjust Enrichment On Behalf Of The High School SSZ Class-26 to 30 MPH:**
**(Based On Violations of The Illinois Constitution, Article VII, Section 6)**

97. Plaintiff adopts and incorporates by reference Paragraphs 1 through 96 as if set forth in full herein for Paragraph 97.

98. Chicago has demanded and received fines and penalties from Plaintiff and other class members for purportedly violating CMC §§ 9-12-075, 9-100-020(d), and 9-101-020, when said drivers were traveling at a rate of speed between 26 and 30 MPH when no children were present;

and thus they were in compliance with the speed limit in the respective SSZ where they were travelling.

99.     As a direct result, Chicago has unlawfully and unconstitutionally collected fines and penalties from Plaintiff and class members for which it was not entitled.  Chicago knowingly appreciated and accepted this benefit, which has resulted in a windfall of millions of dollars for Chicago and continues to result in an inequity to Plaintiff and the High School SSZ Class - 26 to 30 MPH.

100.    Chicago has therefore unjustly and unconstitutionally received and retained a benefit that belongs to Plaintiff and the class members, who have therefore suffered a commensurate detriment constituting money damages.

101.    Chicago's retention of these monies and this benefit violates fundamental principles of justice, equity, and good conscience.

WHEREFORE, Plaintiff, on behalf of themselves and the proposed class respectfully requests that the Court enter a Judgment or order granting:

a. the certification of the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. an award of damages to Plaintiff and class members in an amount to be determined herein, including pre- and post-judgment interest;

c. an award of reasonable attorneys' fees, costs, and other litigation expenses; and

d.  Grant such additional or alternative relief as this Honorable Court deems just and proper.

**Count V**
**Declaratory And Injunctive Relief On Behalf Of The High School SSZ Class – 30+ MPH:**
**(Based On Violations of 625 ILCS 5/11-605,**
**CMC §§ 9-12-075, 9-100-020(d), and 9-101-020)**

102.    Plaintiff adopts and incorporates by reference Paragraphs 1 through 101 as if set forth in full herein for Paragraph 102.

103.    Section 11-605 of the IVC and CMC § 9-15-075 both provide that the reduced 20 MPH speed limit in SSZs shall not be applicable unless "children" are present.  In the event a driver is travelling through such a zone when a child is present and travelling more than 30 MPH, the ASE will issue an automated ticket with an enhanced penalty of $100.00.

104.    Neither the IVC nor the CMC contains a statutory definition for the words "child" or "children".

105.    Chicago has issued tens of thousands of tickets to individuals driving between the speeds of 31 and 35 MPH in SSZs located by high schools when no actual "children" were present.  No ASE tickets should have been issued to these individuals since they were within 5 MPH of the applicable speed limit.  Instead, these individuals received an ASE ticket in the amount of $100.00 The issuance of these ASE tickets unlawfully violates Section 11-605 of the IVC and CMC § 9-15-075 because the reduced 20 MPH hour speed limit was not in effect at the time Chicago issued the ASE tickets since no children were present, and thus these drivers should not have received any ASE ticket.

106.    Similarly, Chicago has issued tens of thousands of tickets to individuals driving between the speeds of 36 and 40 MPH in SSZs located by high schools when no actual "children" were present.  These individuals received an ASE Ticket in the amount of $100.00, when in fact they should have received a ticket for $35.00, since they were only 6 to 10 MPH over the actual speed limit, since no children were present at the time the ticket was issued.  The issuance of these ASE

tickets unlawfully violates Section 11-605 of the IVC and CMC § 9-15-075 because the reduced 20 MPH hour speed limit was not in effect at the time Chicago issued the ASE tickets since no children were present, and thus these drivers should not have received any ASE ticket, or they should have received a reduce fine of $35.00 instead of $100.00.

107.    The unlawful issuance of these tickets was based on Chicago's wrongful, incorrect, and unlawful legal interpretation of the words "children" or "child" as used in the IVC and CMC. Specifically, Chicago has interpreted the words "children" and "child" to include high school students aged 14 to 21 that are not legally children. Further, Chicago has not defined "child" or "children" in the relevant CMC ordinance. As a result, Plaintiff and the High School SSZ Class – 30+ MPH are in need of declaratory and injunctive relief to compel Chicago's compliance with the IVC and the CMC's regulations relating to ASE tickets in SSZs.

108.    Plaintiff and the High School SSZ Class – 30+ MPH seek a judgment declaring Chicago's practice of issuing ASE tickets in SSZs located by High Schools for travelling 30+ MPH is unlawful under the IVC and CMC; therefore, all such violations are void and unenforceable.

109.    Plaintiff has a personal claim that is capable of being affected. As alleged above, this case presents an actual controversy that requires immediate and definitive determination of the parties' rights, particularly because: (i) Plaintiff regularly travels through SSZs located by high schools and she has been issued the 1327 Ticket and 0720 Ticket in a SSZ zone, when she should have been able to travel 30 MPH free of any automated tickets, and therefore her rights are impacted and intertwined with the rights of the High School SSZ Class – 30+ MPH; and (ii) Plaintiff desires to have the legal authority to lawfully travel up to 30 MPH in SSZs located by high schools when no children are present.

110.     Plaintiff possesses a clearly ascertainable right to be free from the unlawful actions of Chicago set forth above and she is currently need of protection.  As alleged above, Plaintiff has raised a fair question concerning the existence of this right.

111.     For the reasons set forth above, Plaintiff and the High School SSZ Class – 30+ MPH possess a likelihood of success on the merits since her contest and dispute of Chicago's ASE procedures in SSZs located by high school involve legal questions and interpretations of the IVC and CMC laws, and Chicago has been clearly violating the IVC and CMC by issuing ASE tickets in SSZs by high schools when no children were present or captured on video or camera.

112.     Plaintiff and the High School SSZ Class – 30+ MPH will suffer irreparable harm if an injunction is not granted.  Chicago's unlawful practices include: regularly and repeatedly imposing fines in SSZs located by high schools on drivers who are travelling below or near the speed limit; and compelling drivers in Chicago to drive below the posted speed limit under threat of fine. Chicago's practices are causing substantial, immediate and continuing damage to Plaintiff and the class members.   These include Chicago's unlawful collection of fines; Chicago's unlawful imposition of a speed limit below the posted speed limit; possible damage to driver's credit in the event of non-payment of an unlawful fine; and other such negative consequences of debt collection efforts originating from the unlawful fines.

113.     Balancing of the hardships between Plaintiff and the High School SSZ Class – 30+ MPH on the one hand, and Chicago on the other hand, weighs in favor of Plaintiff and the Class.  Current Chicago Mayor Brandon Johnson has stated that ASE tickets are a form of "regressive taxation" that harms lower income individuals; and there is no legal mandate that Chicago place ASE cameras and systems by Chicago High Schools.  Moreover, public policy dictates that Chicago should be

enforcing the ASE ordinances according to the letter of the law, and not issuing unlawful tickets that deprive Plaintiff and Chicago drivers of money and their rights under the law.

WHEREFORE, Plaintiff, on behalf of themselves and the proposed class respectfully requests that the Court enter a Judgment or order granting:

a. the certification of the    Class    as    defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. a declaration that Defendant's actions violate 625 ILCS 5/11-605; and CMC §§ 9-12-075, 9-100-020(d), and 9-101-020;

c. an award of injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with CMC §§ 9-12-075, 9-100-020(d), and 9-101-020 and cease issuing ASE tickets in SSZs located by Chicago High Schools;

d. an award of damages to Plaintiff and class members in an amount to be determined herein, including pre- and post-judgment interest;

e. an award of reasonable attorneys' fees, costs, and other litigation expenses; and

g. Grant such additional or alternative relief as this Honorable Court deems just and proper.

## Count VI
### Unjust Enrichment On Behalf Of The High School SSZ Class- 30+ MPH:
**(Based On Violations of 625 ILCS 5/11-605, CMC §§ 9-12-075, 9-100-020(d), and 9-101-020)**

114.    Plaintiff adopts and incorporates by reference Paragraphs 1 through 113 as if set forth in full herein for Paragraph 114.

115.    Chicago has demanded and received fines and penalties from Plaintiff and other class members for purportedly violating CMC §§ 9-12-075, 9-100-020(d), and 9-101-020, when said drivers were complying with the 30 MPH speed limit; or driving 36 to 40 MPH when no children were present, and they should have received a reduced fine of $35.00 instead of $100.00.

116.   As a direct result, Chicago has unlawfully collected fines and penalties from Plaintiff and the High School SSZ Class – 30+ MPH for which it was not entitled. Chicago knowingly appreciated and accepted this benefit, which has resulted in a windfall of millions of dollars for Chicago and continues to result in an inequity to Plaintiff and class members.

117.   Chicago has therefore unjustly received and retained a benefit that belongs to Plaintiff and the High School SSZ Class – 30+ MPH, who have therefore suffered a commensurate detriment constituting money damages.

118.   Chicago's retention of these monies and this benefit violates fundamental principles of justice, equity, and good conscience.

WHEREFORE, Plaintiff, on behalf of themselves and the proposed class respectfully requests that the Court enter a Judgment or order granting:

a. the certification of the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. an award of damages to Plaintiff and class members in an amount to be determined herein, including pre- and post-judgment interest;

c. an award of reasonable attorneys' fees, costs, and other litigation expenses; and

d. Grant such additional or alternative relief as this Honorable Court deems just and proper.

**Count VII**
**Declaratory and Equitable Relief On**
**Behalf Of The High School SSZ Class – 30+ MPH:**
**(Based On Violations of The Illinois Constitution, Article VII, Section 6)**

119.   Plaintiff adopts and incorporates by reference Paragraphs 1 through 118 as if set forth in full herein for Paragraph 119.

120.   Chicago's constitutional power to operate the ASE system in SSZs is limited and must be in accordance with the restrictions and provisions of the IVC.

121.    The IVC provides that the reduced 20 MPH in SSZs is only applicable if children are present and there is appropriate signage advising the public of this.  *See* 625 ILCS 5/11-605(a).  Chicago has unconstitutionally exceeded its home rule authority powers by lowering the speed limit in SSZs located by high schools when no children are present and by not posting appropriate signs.

122.    Plaintiff and the High School SSZ Class – 30+ MPH seek a judgment declaring Chicago's practice of issuing ASE tickets in SSZs located by High Schools for travelling 30+ MPH is unconstitutional under the Illinois Constitution, and therefore all such violations are void and unenforceable.

123.    Plaintiff has a personal claim that is capable of being affected.  As alleged above, this case presents an actual controversy that requires immediate and definitive determination of the parties' rights, particularly because: (i) Plaintiff has been issued the 1327 Ticket and 0720 Ticket: (ii) Plaintiff was unlawfully compelled by Chicago to pay a $35 fine for the 1327 Ticket, and a $35 fine for the 0720 Ticket; and (iii) Plaintiff desires to have the legal authority to lawfully travel up to 30 MPH in SSZs located by high schools when no children are present.

124.    Plaintiff possesses a clearly ascertainable right to be free from the unconstitutional actions of Chicago set forth above and she is currently in need of protection.  As alleged above, Plaintiff has raised a fair question concerning the existence of this right.

125.    For the reasons set forth above, Plaintiff and the High School SSZ Class – 30+ MPH possess a likelihood of success on the merits since their contest and dispute of Chicago's ASE procedures in SSZs located by high school involve legal questions and interpretations of the IVC and CMC laws, and Chicago has been clearly violating the IVC and CMC by issuing ASE tickets in SSZs by high schools when no children were present or captured on video or camera; and all of said conduct is unconstitutional under the Illinois Constitution.

126. Plaintiff and the High School SSZ Class – 30+ MPH will suffer irreparable harm if an injunction is not granted. Chicago's unconstitutional and unlawful practices include: regularly and repeatedly imposing fines in SSZs located by high schools on drivers who are travelling below the speed limit; and compelling drivers in Chicago to drive below the posted speed limit under threat of fine. Chicago's practices are causing substantial, immediate and continuing damage to Plaintiff and the class members. These include Chicago's unlawful collection of fines; Chicago's unlawful imposition of a speed limit below the posted speed limit; possible damage to driver's credit in the event of non-payment of an unlawful fine; and other such negative consequences of debt collection efforts originating from the unlawful fines.

127. Balancing of the hardships between Plaintiff and the High School SSZ Class – 30+ MPH on the one hand, and Chicago on the other hand, weighs in favor of Plaintiff and the Class. Current Chicago Mayor Brandon Johnson has stated that ASE tickets are a form of "regressive taxation" that harms lower income individuals; and there is no legal mandate that Chicago place ASE cameras and systems by Chicago High Schools. Moreover, public policy dictates that Chicago should be enforcing the ASE ordinances according to the letter of the law, and not issuing unlawful tickets that deprive Plaintiff and Chicago drivers of money and their rights under the law.

WHEREFORE, Plaintiff, on behalf of themselves and the proposed class respectfully requests that the Court enter a Judgment or order granting:

a. the certification of the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. a declaration that Defendant's actions violate 625 ILCS 5/11-605; and CMC §§ 9-12-075, 9-100-020(d), and 9-101-020 and are unconstitutional;

c. an award of injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with CMC §§ 9-12-075, 9-100-020(d), and 9-101-020 and cease issuing ASE tickets in SSZs located by Chicago High Schools;

d. an award of damages to Plaintiff and class members in an amount to be determined herein, including pre- and post-judgment interest;

e. an award of reasonable attorneys' fees, costs, and other litigation expenses; and

g. Grant such additional or alternative relief as this Honorable Court deems just and proper.

### Count VIII
### Unjust Enrichment On Behalf Of The High School SSZ Class – 30+ MPH:
### (Based On Violations of The Illinois Constitution, Article VII, Section 6)

128. Plaintiff adopts and incorporates by reference Paragraphs 1 through 137 as if set forth in full herein for Paragraph 138.

129. Chicago has demanded and received fines and penalties from Plaintiff and other class members for purportedly violating CMC §§ 9-12-075, 9-100-020(d), and 9-101-020, when said drivers were traveling at 31-35 MPH speed limit when no children were present, and thus no fine should have been issued; or travelling 36 to 40 MPH, and they should have only received a fine of $35.00 instead of $100.00.

130. As a direct result, Chicago has unlawfully and unconstitutionally collected fines and penalties from Plaintiff and class members for which it was not entitled. Chicago knowingly appreciated and accepted this benefit, which has resulted in a windfall of millions of dollars for Chicago and continues to result in an inequity to Plaintiff and the High School SSZ Class – 30+ MPH.

131.    Chicago has therefore unjustly and unconstitutionally received and retained a benefit that belongs to Plaintiff and the High School SSZ Class – 30+ MPH, who have therefore suffered a commensurate detriment constituting money damages.

132.    Chicago's retention of these monies and this benefit violates fundamental principles of justice, equity, and good conscience.

WHEREFORE, Plaintiff, on behalf of themselves and the proposed class respectfully requests that the Court enter a Judgment or order granting:

a. the certification of the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. an award of damages to Plaintiff and class members in an amount to be determined herein, including pre- and post-judgment interest;

c. an award of reasonable attorneys' fees, costs, and other litigation expenses; and

d. Grant such additional or alternative relief as this Honorable Court deems just and proper.

**Count IX**
**Declaratory And Injunctive Relief On Behalf Of The Inappropriate Sign Class:**
**(Based On Violations of 625 ILCS 5/11-605,**
**CMC §§ 9-12-075, 9-100-020(d), and 9-101-020)**

133.    Plaintiff adopts and incorporates by reference Paragraphs 1 through 132 as if set forth in full herein for Paragraph 133.

134.    Section 11-605 of the IVC and CMC § 9-15-075 both provide that the reduced 20 MPH speed limit in SSZs shall not be applicable unless Chicago posts "appropriate signs" in the respective SSZ.  An "appropriate sign" under Section 11-605 of the IVC and CMC § 9-15-075 must advise the public of the reduced speed limit when "school children" are present.

135.    The signs posted by Chicago in all SSZs located within the city state that the reduced speed limit is in effect when "children" are present; and the signs do not contain the phrase "school children".

136.    Neither the IVC nor the CMC define the phrase "school children"; however, the word "school" is defined in both laws to mean:

> (1) A public or private primary or secondary school.
> (2) A primary or secondary school operated by a religious institution.
> (3) A public, private, or religious nursery school.

625 ILCS 5/11-605; CMC §9-12-075.

137.    The reduced 20 MPH speed limit is SSZs is not triggered under Section 11-605 of the IVC and CMC § 9-15-075 if non-student children are present.

138.    The signs posted by Chicago in SSZs do not accurately reflect the statutory language of Section 11-605 of the IVC and CMC § 9-15-075 because they expand the statutes applicability to all "children", when the statutes are limited to "school children"; thus, the signs are both inappropriate and unlawful.

139.    The cameras and ASE systems in Chicago's SSZs are unable to distinguish between "children" and "school children".

140.    The signs posted in the SSZ where Plaintiff received the 1327 Ticket and 0720 Ticket only referred to "children", not "school children".  As a result, the signage was "inappropriate"; and the reduced 20 MPH speed limit was not triggered when Plaintiff received the 1327 Ticket and 0720 Ticket; and Chicago unlawfully issued these tickets to Plaintiff in violation of Section 11-605 of the IVC and CMC § 9-15-075.

141.    Chicago has also issued tens of thousands of tickets to individuals is SSZs where there was no "appropriate" signage, since all such Chicago signs in SSZs refers to "children" and not "school

children". The recipients of these tickets were either driving below the applicable 30 MPH speed limit and received a $35.00 ticket when there should not have been any fine; or they received an enhanced penalty $100.00 for driving more than 10 MPH over the speed limit, when they should have only received a fine of $35.00.

142. The issuance of these tickets was unlawful since Chicago failed to post appropriate signage required by Section 11-605 of the IVC and CMC § 9-15-075. As a result, Plaintiff and the Inappropriate Sign Class are in need of declaratory and injunctive relief to compel Chicago's compliance with the IVC and the CMC's regulations relating to ASE signage and tickets in SSZs.

143. Plaintiff and the Inappropriate Sign Class seek a judgment declaring Chicago's practice of issuing ASE tickets in SSZs where there is inappropriate signage is unlawful under the IVC and CMC; therefore, all such violations are void and unenforceable.

144. Plaintiff has a personal claim that is capable of being affected. As alleged above, this case presents an actual controversy that requires immediate and definitive determination of the parties' rights, particularly because: (i) Plaintiff regularly travels through SSZs located by high schools and she has been issued the 1327 Ticket and 0720 Ticket in a SSZ zone, when she should have been able to travel 30 MPH free of any automated tickets, and therefore her rights are impacted and intertwined with the rights of the Inappropriate Sign Class; and (ii) Plaintiff desires to have the legal authority to lawfully travel up to 30 MPH in SSZs located by high schools when no appropriate signs are posted.

145. Plaintiff possesses a clearly ascertainable right to be free from the unlawful actions of Chicago set forth above and she is currently need of protection. As alleged above, Plaintiff has raised a fair question concerning the existence of this right.

146. For the reasons set forth above, Plaintiff and the Inappropriate Sign Class possess a likelihood of success on the merits since they contest and dispute of Chicago's ASE signage in SSZs located by high school involve legal questions and interpretations of the IVC and CMC laws, and Chicago has been clearly violating the IVC and CMC by issuing ASE tickets in SSZs where there is no appropriate signage as required by the law.

147. Plaintiff and the Inappropriate Sign Class will suffer irreparable harm if an injunction is not granted. Chicago's unlawful practices include: regularly and repeatedly imposing fines in SSZs where there is no appropriate signage; and compelling drivers in Chicago to drive below the posted speed limit under threat of fine. Chicago's practices are causing substantial, immediate and continuing damage to Plaintiff and the class members. These include Chicago's unlawful collection of fines; Chicago's unlawful imposition of a speed limit below the posted speed limit; possible damage to driver's credit in the event of non-payment of an unlawful fine; and other such negative consequences of debt collection efforts originating from the unlawful fines.

148. Balancing of the hardships between Plaintiff and the Inappropriate Sign Class on the one hand, and Chicago on the other hand, weighs in favor of Plaintiff and the Class. Current Chicago Mayor Brandon Johnson has stated that ASE tickets are a form of "regressive taxation" that harms lower income individuals; and there is no legal mandate that Chicago place ASE cameras and systems in SSZs. Moreover, public policy dictates that Chicago should be enforcing the ASE ordinances according to the letter of the law, and not issuing unlawful tickets where there is inappropriate signage that fails to comply with the statutes. Chicago's unlawful practices deprive Plaintiff and Chicago drivers of money and their rights under the law.

WHEREFORE, Plaintiff, on behalf of themselves and the proposed class respectfully requests that the Court enter a Judgment or order granting:

a. the certification of the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. a declaration that Defendant's actions violate 625 ILCS 5/11-605; and CMC §§ 9-12-075, 9-100-020(d), and 9-101-020;

c. an award of injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with CMC §§ 9-12-075, 9-100-020(d), and 9-101-020 and cease issuing ASE tickets in SSZs where there is inappropriate signage that fails to comply with Section 11-605 of the IVC and CMC § 9-15-075;

d. an award of damages to Plaintiff and class members in an amount to be determined herein, including pre- and post-judgment interest;

e. an award of reasonable attorneys' fees, costs, and other litigation expenses; and

g. Grant such additional or alternative relief as this Honorable Court deems just and proper.

**Count X**
**Unjust Enrichment On Behalf Of The Inappropriate Sign Class:**
**(Based On Violations of 625 ILCS 5/11-605, CMC §§ 9-12-075, 9-100-020(d), and 9-101-020)**

149. Plaintiff adopts and incorporates by reference Paragraphs 1 through 148 as if set forth in full herein for Paragraph 149.

150. Chicago has demanded and received fines and penalties from Plaintiff and the Inappropriate Sign Class for purportedly violating CMC §§ 9-12-075, 9-100-020(d), and 9-101-020, when there was no appropriate signage in the SSZs. Plaintiff and the proposed class were complying with the 30 MPH speed limit where there was no appropriate signages and received a $35.00 ticket; or driving 31 to 40 MPH when there was no appropriate signage, and received a $100.00 ticket when they should have received no fine, or a reduced fine of $35.00 instead of $100.00.

151. As a direct result, Chicago has unlawfully collected fines and penalties from Plaintiff and the Inappropriate Sign Class for which it was not entitled. Chicago knowingly appreciated and accepted this benefit, which has resulted in a windfall of millions of dollars for Chicago and continues to result in an inequity to Plaintiff and class members.

152. Chicago has therefore unjustly received and retained a benefit that belongs to Plaintiff and the Inappropriate Sign Class, who have therefore suffered a commensurate detriment constituting money damages.

153. Chicago's retention of these monies and this benefit violates fundamental principles of justice, equity, and good conscience.

WHEREFORE, Plaintiff, on behalf of themselves and the proposed class respectfully requests that the Court enter a Judgment or order granting:

a. the certification of the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. an award of damages to Plaintiff and class members in an amount to be determined herein, including pre- and post-judgment interest;

c. an award of reasonable attorneys' fees, costs, and other litigation expenses; and

d. Grant such additional or alternative relief as this Honorable Court deems just and proper.

**Count XI**
**Declaratory and Equitable Relief On**
**Behalf Of The Inappropriate Sign Class:**
**(Based On Violations of The Illinois Constitution, Article VII, Section 6)**

154. Plaintiff adopts and incorporates by reference Paragraphs 1 through 153 as if set forth in full herein for Paragraph 154.

155. Chicago's constitutional power to operate the ASE system in SSZs is limited and must be in accordance with the restrictions and provisions of the IVC.

156.    The IVC provides that Chicago must post "appropriate" signs in SSZs advising the public that the reduced 20 MPH speed limit is only triggered when "school children" are present.  *See* 625 ILCS 5/11-605(a).  Chicago has unconstitutionally exceeded its home rule authority powers by lowering the speed limit in SSZs located by high schools where no appropriate signs are posted as required by the IVC.

157.    Plaintiff and the Inappropriate Sign Class seek a judgment declaring Chicago's practice of issuing ASE tickets in SSZs without appropriate signage is unconstitutional under the Illinois Constitution, and therefore all such violations are void and unenforceable.

158.    Plaintiff has a personal claim that is capable of being affected.  As alleged above, this case presents an actual controversy that requires immediate and definitive determination of the parties' rights, particularly because: (i) Plaintiff has been issued the 1327 Ticket and 0720 Ticket in SSZs where she was below the 30 MPH speed limit and there was no appropriate signage as required by Section 11-605 of the IVC and CMC § 9-15-075: (ii) Plaintiff was unlawfully compelled by Chicago to pay a $35 fine for the 1327 Ticket, and a $35 fine for the 0720 Ticket; and (iii) Plaintiff desires to have the legal authority to lawfully travel up to 30 MPH in SSZs where Chicago has failed to post appropriate signage.

159.    Plaintiff possesses a clearly ascertainable right to be free from the unconstitutional actions of Chicago set forth above and she is currently need of protection.  As alleged above, Plaintiff has raised a fair question concerning the existence of this right.

160.    For the reasons set forth above, Plaintiff and the Inappropriate Sign Class possess a likelihood of success on the merits since their contest and dispute of Chicago's ASE procedures in SSZs located in SSZs without appropriate signage involve legal questions and interpretations of the IVC and CMC laws, and Chicago has been clearly violating the IVC and CMC by issuing ASE

tickets in SSZs where there is no appropriate signage; and all of said conduct is unconstitutional under the Illinois Constitution.

161.    Plaintiff and the Inappropriate Sign Class will suffer irreparable harm if an injunction is not granted. Chicago's unconstitutional and unlawful practices include: regularly and repeatedly imposing fines in SSZs on drivers who are travelling below the speed limit; issuing unlawful enhanced fines of $100.00 to drivers when they should have only been fined $35.00; and compelling drivers in Chicago to drive below the posted speed limit under threat of fine. Chicago's practices are causing substantial, immediate and continuing damage to Plaintiff and the class members. These include Chicago's unlawful collection of fines; Chicago's unlawful imposition of a speed limit below the posted speed limit; possible damage to driver's credit in the event of non-payment of an unlawful fine; and other such negative consequences of debt collection efforts originating from the unlawful fines.

162.    Balancing of the hardships between Plaintiff and the Inappropriate Sign Class on the one hand, and Chicago on the other hand, weighs in favor of Plaintiff and the Class. Current Chicago Mayor Brandon Johnson has stated that ASE tickets are a form of "regressive taxation" that harms lower income individuals; and there is no legal mandate that Chicago place ASE cameras and systems by Chicago High Schools. Moreover, public policy dictates that Chicago should be enforcing the ASE ordinances according to the letter of the law, and not issuing unlawful tickets that deprive Plaintiff and Chicago drivers of money and their rights under the law.

WHEREFORE, Plaintiff, on behalf of themselves and the proposed class respectfully requests that the Court enter a Judgment or order granting:

a. the certification of the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. a declaration that Defendant's actions violate 625 ILCS 5/11-605; and CMC §§ 9-12-075, 9-100-020(d), and 9-101-020 and are unconstitutional;

c. an award of injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with CMC §§ 9-12-075, 9-100-020(d), and 9-101-020 and cease issuing ASE tickets in SSZs located by Chicago High Schools;

d. an award of damages to Plaintiff and class members in an amount to be determined herein, including pre- and post-judgment interest;

e. an award of reasonable attorneys' fees, costs, and other litigation expenses; and

g. Grant such additional or alternative relief as this Honorable Court deems just and proper.

### Count XII
### Unjust Enrichment On Behalf Of The Inappropriate Sign Class:
### (Based On Violations of The Illinois Constitution, Article VII, Section 6)

163. Plaintiff adopts and incorporates by reference Paragraphs 1 through 162 as if set forth in full herein for Paragraph 163.

164. Chicago has demanded and received fines and penalties from Plaintiff and other class members for purportedly violating CMC §§ 9-12-075, 9-100-020(d), and 9-101-020, when said drivers were traveling in SSZs that lacked appropriate signs as required by Section 11-605 of the IVC and CMC § 9-15-075. These drivers received fines of $35.00 when they were travelling below the speed limit; or enhanced fines of $100.00 when they should have either received no fine or a reduced fine of $35.00.

165. As a direct result, Chicago has unlawfully and unconstitutionally collected fines and penalties from Plaintiff and the Inappropriate Sign Class for which it was not entitled. Chicago knowingly appreciated and accepted this benefit, which has resulted in a windfall of millions of dollars for Chicago and continues to result in an inequity to Plaintiff and class members.

166.    Chicago has therefore unjustly and unconstitutionally received and retained a benefit that belongs to Plaintiff and the Inappropriate Sign Class, who have therefore suffered a commensurate detriment constituting money damages.

167.    Chicago's retention of these monies and this benefit violates fundamental principles of justice, equity, and good conscience.

WHEREFORE, Plaintiff, on behalf of themselves and the proposed class respectfully requests that the Court enter a Judgment or order granting:

a. the certification of the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. an award of damages to Plaintiff and class members in an amount to be determined herein, including pre- and post-judgment interest;

c. an award of reasonable attorneys' fees, costs, and other litigation expenses; and

d. Grant such additional or alternative relief as this Honorable Court deems just and proper.

**Plaintiff, and the Proposed Classes**

<u>s/Daniel I. Schlade</u>
Counsel for Plaintiff and Proposed Classes
Daniel I. Schlade
James M. Dore
6232 N. Pulaski, #300
Chicago, IL 60646
danschlade@gmail.com
james@dorelawoffices.com
773-550-3775

*PLAINTIFF DEMANDS A TRIAL BY JURY*

# EXHIBIT A



# AUTOMATED SPEED ENFORCEMENT VIOLATION
## City of Chicago Department of Finance
### To Pay Your Ticket or Check the Status of Your Hearing Request Visit
### www.chicago.gov/finance
312-744-7275    312-744-7277    (TTY - For Hearing Impaired)

**0000**

| Notice Date: | 12/31/23 |
|---|---|
| Notice Number: | 5211313380 |

MAYSONET, JANETTE R



**Need More Time To Pay?**
Go to www.chicago.gov/finance
to enroll in an Early Payment Plan.

**YOU MUST PAY OR CONTEST BY**

## VIOLATIONS

| TICKET NUMBER | PLATE/STATE/TYPE/ VEHICLE MAKE | LOCATION DATE & TIME | VIOLATION CODE AND DESCRIPTION | DESCRIPTION | FINE AMOUNT DUE | PAY OR CONTEST BY DATE |
|---|---|---|---|---|---|---|
| 6056791327 | C42712 IL PAS OTHR | 2329 W DIVISION ST 12/04/23 09:31 | 9101020* SPEED VIOLATION 6-10 | School Safety Zone | $35.00 | 01/21/24 |

  

**Issuing Technician's Code**
258
246

These recorded images are evidence of a violation of a speed restriction. Please note, the vehicle identified above bears a license plate registered or leased in your name. All registered owners appearing on the license plate registration or lessees, if applicable, are legally responsible for this violation. If you believe the license plate displayed in the photo above is not registered to you, please call 312.744.7275. For information regarding hearing requests, please see the reverse side of this notice.

**TO ENSURE PROPER POSTING OF YOUR PAYMENT, THIS PAYMENT STUB MUST BE ENCLOSED.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Notice of Violation Stub**    **MAYSONET, JANETTE R**

| Notice Date: | 12/31/23 |
|---|---|
| Notice Number: | 5211313380 |

**TOTAL AMOUNT DUE**
For The Ticket Listed On This Notice

**$35.00**
**REFLECTS PAYMENT AS OF:**
**12/24/23**

TO ENSURE PROPER CREDIT PLEASE RETURN
THIS STUB WITH YOUR PAYMENT

Please fill in the PAY circle if you would like to pay this ticket... **PAY** ➔   O
**OR**
You may choose to request a hearing by choosing one of the options below:

| TICKET# | CONTEST BY MAIL | IN-PERSON HEARING |
|---|---|---|
| 6056791327 | O | O |

**PLEASE:**
**Enclose your check or money order**
**made payable to the CITY OF CHICAGO**

SEE VIDEO OR PHOTOS OR PAY BY CREDIT CARD NOW AT WWW.CHICAGO.GOV/FINANCE

08/21

605679132720003500







# EXHIBIT B



# AUTOMATED SPEED ENFORCEMENT VIOLATION
## City of Chicago Department of Finance
### To Pay Your Ticket or Check the Status of Your Hearing Request Visit
### www.chicago.gov/finance
312-744-7275   312-744-7277   (TTY - For Hearing Impaired)

**0000**

| Notice Date: | 04/17/22 |
|---|---|
| Notice Number: | 5211313380 |

MAYSONET, JANETTE R



**Need More Time To Pay?**
Go to www.chicago.gov/finance
to enroll in an Early Payment Plan.

**YOU MUST PAY OR CONTEST BY** 

## VIOLATIONS

| TICKET NUMBER | PLATE/STATE/TYPE/ VEHICLE MAKE | LOCATION DATE & TIME | VIOLATION CODE AND DESCRIPTION | DESCRIPTION | FINE AMOUNT DUE | PAY OR CONTEST BY DATE |
|---|---|---|---|---|---|---|
| 6052380720 | C42712 IL PAS OTHR | 2329 W DIVISION ST 03/21/22 11:26 | 9101020* SPEED VIOLATION 6-10 | School Safety Zone | $35.00 | 05/08/22 |

  

**Issuing Technician's Code**
**230**
**109**

These recorded images are evidence of a violation of a speed restriction. Please note, the vehicle identified above bears a license plate registered or leased in your name. All registered owners appearing on the license plate registration or lessees, if applicable, are legally responsible for this violation. If you believe the license plate displayed in the photo above is not registered to you, please call 312.744.7275. For information regarding hearing requests, please see the reverse side of this notice.

**TO ENSURE PROPER POSTING OF YOUR PAYMENT, THIS PAYMENT STUB MUST BE ENCLOSED.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Notice of Violation Stub**   **MAYSONET, JANETTE R**

Please fill in the PAY circle if you would like to pay this ticket.. **PAY →**   O
**OR**
You may choose to request a hearing by choosing one of the options below.

| TICKET# | CONTEST BY MAIL | IN-PERSON HEARING |
|---|---|---|
| 6052380720 | O | O |

| Notice Date: | 04/17/22 |
|---|---|
| Notice Number: | 6211313380 |

**TOTAL AMOUNT DUE**
For The Ticket Listed On This Notice

**$35.00**
**REFLECTS PAYMENT AS OF:**
**04/10/22**

TO ENSURE PROPER CREDIT PLEASE RETURN
THIS STUB WITH YOUR PAYMENT

**PLEASE:**
Enclose your check or money order
made payable to the CITY OF CHICAGO

**SEE VIDEO OR PHOTOS OR PAY BY CREDIT CARD NOW AT WWW.CHICAGO.GOV/FINANCE**

08/21

605238072090003500



