**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Janette Maysonet, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25 C 12191 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| City of Chicago, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

After receiving two automated speeding tickets while driving in a School Safety Zone, Plaintiff Janette Maysonet filed this putative class action alleging that Defendant City of Chicago unlawfully issued the tickets. Defendant moves to dismiss. For the reasons stated below, that motion is granted.

**Legal Standard**

A Rule 12(b)(6) motion "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). A complaint must provide "a short and plain statement of the claim" and must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citations omitted). Facial plausibility exists when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In deciding a motion to dismiss, the Court "accept[s] the well-pleaded facts in the complaint as true and draw[s] reasonable inferences in the plaintiff's favor." *Esco v. City of Chicago*, 107 F.4th 673, 678 (7th Cir. 2024).

**Background**

The Chicago Municipal Code § 9-12-075(a) establishes School Safety Zones ("SSZ"). It defines a "school" as "a public or private primary or secondary school." In relevant part, it also provides the following:

> On a school day when school children are present and so close thereto that a potential hazard exists because of the close proximity of the motorized traffic, no person shall drive a motor vehicle at a speed in excess of 20 miles per hour while passing a school zone or while traveling upon any public thoroughfare where children pass going to and from school. . . . This section shall not be applicable unless appropriate signs are posted, giving due warning that a school zone is being approached and shall indicate the school zone and the maximum speed limit in effect during school days when school children are present.

As alleged at R. 19 ¶ 20, Chicago posts signs in SSZs that say "School / Speed Limit 20 on school days when children are present / Photo Enforced" and appear as follows:



On March 21, 2022 and December 4, 2023, Chicago's automated speed enforcement cameras captured Plaintiff traveling between 26 and 30 miles per hour in an SSZ near a high school. R. 19 ¶¶ 61–78. As a result, Chicago issued two speeding tickets. *Id.* After paying the fines for the tickets, Plaintiff now brings this lawsuit and argues that the tickets were unlawful. *Id.*

**Discussion**

Upon review of Plaintiff's complaint (R. 19) and Plaintiff's response (R. 33) to Defendant's motion to dismiss, the Court notes that Plaintiff raises three arguments regarding the purported unlawfulness of the speeding tickets. The Court addresses each argument below.

## I.    The Automated Cameras

Plaintiff argues that the automated speed enforcement cameras "are incapable of identifying school children, their age, or their enrollment status." R. 33 at 22. As such, Plaintiff argues that the ticket was unlawful because Chicago cannot prove that when Plaintiff was speeding, a child who was enrolled in a school was actually present. *Id.* at 14–17.

As a threshold matter, Illinois law provides that an individual who receives a vehicle ticket "ordinarily cannot seek judicial review without first pursuing all available administrative remedies." *Pinkston v. City of Chicago*, 2023 IL 128575, ¶ 24. The Illinois Supreme Court, however, has recognized "several exceptions to the doctrine of exhaustion of administrative remedies." *Id.* ¶ 26. Among other exceptions, an "aggrieved party may seek judicial review of an administrative decision without complying with the exhaustion of remedies doctrine" where "no issues of fact are presented or agency expertise is not involved" and where "it is patently futile to seek relief before the agency." *Id.* (citations omitted).

Plaintiff does not dispute that she paid the fines for the speeding tickets and failed to exhaust her administrative remedies. *See* R. 19 ¶¶ 69, 78. She contends, however, that the automated-camera argument is a "pure question of law and statutory interpretation." R. 33 at 20. But this is unavailing. Under Illinois law, a traffic violation notice may only be issued after a "technician employed by the municipality" conducts an "inspection of recorded images, video or other documentation, including documentation of the speed limit and automated speed

3

enforcement signage." 625 ILCS 5/11-208.3(b)(3). If a violation is found, then it is "reviewed and approved by a law enforcement officer or retired law enforcement officer," or "by an additional fully trained reviewing technician." *Id.* A technician must receive "at least 40 hours of supervised training in . . . image inspection and interpretation" and the "elements necessary to prove a violation." *Id.* Had Plaintiff challenged her violation in an administrative hearing, she could have challenged the factual determination made by these technicians. Fundamentally, Plaintiff's automated-camera argument raises issue of fact.

Plaintiff also contends that it would have been futile to challenge her traffic ticket based on the automated-camera argument. R. 33 at 20–22. She alleges that she has observed Administrative Law Judges reject similar arguments. R. 19 ¶ 88. But the fact that a similar argument was rejected in another case by a specific judge does not mean it would have been futile for Plaintiff to raise the argument in this case. Futility exists "if there is no reasonable prospect that the applicant could obtain any relief." *Martin v. Shalala*, 63 F.3d 497, 504 (7th Cir. 1995) (citations omitted). Traffic tickets are routinely challenged and dismissed. It's possible that if Plaintiff had raised this argument, she could have successfully dismissed her ticket.

For these reasons, the Court finds that Plaintiff cannot raise the automated-camera argument because she failed to exhaust her administrative remedies and no exception applies that allows this argument to proceed.

## II. Definition of "Children"

Plaintiff also argues that high school students are "not legally children" because both Illinois common law and Black's Law Dictionary define a child as an individual under the age of fourteen. R. 19 ¶ 101; R. 33 at 9–14. As such, Plaintiff argues that it was "unlawful" for Chicago to issue tickets to Plaintiff while she was driving near a high school. R. 19 ¶ 101.

Regarding the threshold requirement of exhaustion, the Court finds that this argument is a question of law where no issues of fact are presented. As such, Plaintiff may proceed with this argument.

Turning to the merits, the Court finds that this argument is unavailing. A "reviewing court's objective in construing a statute is to give effect to the legislature's intent." *People v. Cardamone*, 905 N.E.2d 806, 811 (Ill. 2009). "Accordingly, [courts] consider the statute in its entirety, keeping in mind the subject it addresses and the legislature's apparent objective in enacting it." *Id.* Here, the Chicago Municipal Code defines a "school" as "a public or private primary or secondary school." Because high schools are secondary schools, the Code was unequivocally written to protect high school students. As such, the Court finds that as used in § 9-12-075(a) of the Chicago Municipal Code, "school children" includes high school students. Plaintiff's argument that high school students are not children within the meaning of the Chicago Municipal Code goes against the Code's clear and unambiguous purpose.

## III. The Speed Limit Signs

Plaintiff also argues that the speed limit signs are "unlawful" because they "do not accurately reflect" the Chicago Municipal Code "because they expand [the Code's] applicability to all 'children', when [the Code is] limited to 'school children.'" R. 19 ¶ 163. In effect, Plaintiff argues that sign should say "when school children are present" rather than "when children are present." *See* R. 33 at 17–19.

Regarding the threshold requirement of exhaustion, the Court finds that this argument is a question of law where no issues of fact are presented. As such, Plaintiff may proceed with this argument.

Turning to the merits, the Court finds that this argument is unavailing. The Chicago Municipal Code requires that "appropriate signs are posted" that give "due warning that a school zone is being approached" and that "indicate the school zone and the maximum speed limit in effect during school days when school children are present." Here, the top of the sign highlights the word "School" in a different color, and the sign expressly states that the speed limit applies "on school days when children are present." The sign clearly comports with Code's requirements to provide "due warning" of the school zone, and the sign clearly applies to school children. Plaintiff is splitting hairs in attempt to plead a claim. The Court finds that the Chicago Municipal Code does not require that the speed limit sign include a third repetition of the word "school."

### Conclusion

For the foregoing reasons, Defendant's motion [24] to dismiss is granted. If Plaintiff believes she can cure the deficiencies identified above, she may move for leave to file a second amended complaint by 7/29/26. Absent a filing by 7/29/26, this case will be dismissed with prejudice.

**SO ORDERED.**                                        **ENTERED: July 23, 2026**

**HON. JORGE L. ALONSO**
**United States District Judge**